IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | | |
| | : | |
| vs. | : | CRIMINAL NO.  1:CR-99-056-03 |
| | : | |
| JOSE RAMONE MATEO | | |
| Defendant | : | |

*M E M O R A N D U M*

I.   *Introduction*

The Defendant filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines. That amendment revised U.S.S.G. § 2D1.1(c), the Drug Quantity Table, by generally reducing the base offense level for crack cocaine offenses by two levels. The Federal Public Defender filed a memorandum in support of Defendant's motion.

The government opposes the motion on the ground that Defendant is a career offender and the amendment thus has no effect on the calculation of his applicable guideline range. The probation office has submitted an addendum to the presentence report (PSR), also concluding that the amendment has no effect on his applicable guideline range.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the probation office's calculation that the amendment does not have that effect, we will deny the motion for reduction in sentence.

II.   *Background*

On June 2, 1999, Defendant pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The presentence report (PSR) calculated Defendant's guideline range as follows. Defendant's crack-cocaine quantity was ascertained to be at least twenty but less than thirty-five grams. Under U.S.S.G. § 2D1.1, this drug quantity gave Defendant a base offense level of 28. Three points were subtracted from this level for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 25.

However, Defendant was classified as a career offender because he had committed the offense while having at least two adult felony convictions for controlled substance offenses and crimes of violence. Under U.S.S.G. § 4B1.1, the career offender guideline, the forty-year maximum sentence for Defendant's offense called for an offense level of 34, not 25. *See* U.S.S.G. § 4B1.1(b)(providing that the offense level for a career offender was that from section 4B1.1 only if "the offense level

2

for a career offender from the table in this subsection is greater than the offense level otherwise applicable"). Three points were subtracted for acceptance of responsibility, resulting in a total offense level of 31. Under section 4B1.1(b), as a career offender, Defendant was assigned a criminal history category of VI. This made Defendant's guideline range 188 to 235 months. On September 3, 1999, Defendant was sentenced to 188 months, the low end of this range.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a

3

result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for

4

the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, Defendant's guideline range remains unaffected by the amendment because his amended guideline range is calculated as follows. Under section 2D1.1(c), as amended by Amendment 706, Defendant's base offense level for his crack-cocaine quantity is reduced from 28 to 26. However, section 4B1.1, the career offender guideline, still operates to raise his offense level to 34 and his criminal history category to VI. Hence, Defendant's guideline range remains at 188 to 235 months, and we can grant him no relief.

Defendant argues to the contrary, that we do have authority under section 3582(c)(2) to reduce his sentence. He begins by focusing on that portion of the statutory section that authorizes us to reduce a defendant's sentence when it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." He argues that, contrary to the Commission's requirement that the amendment lower the applicable guideline range, this statutory language requires only that the defendant's sentence "be based" on a sentencing range that has subsequently been lowered.

Defendant argues that his original sentence comes within the scope of this language because his original guideline

5

range was dependent upon, "based on," the base offense level established by the drug quantity in section 2D1.1(c). This is so, according to Defendant, because all drug sentences, either those based directly on section 2D1.1(c), or those based on the career-offender guideline, have as their starting point the range in which the drug quantity in section 2D1.1(c) is used. In other words, Defendant maintains that the guideline range established by the career-offender guideline is based on the base offense level from section 2D1.1(c), as the base offense level set by the career-offender guideline has to be "compar[ed] with the unenhanced guideline range before it can be applied." (Doc. 188, Dft.'s memorandum at p. 8).

      Defendant argues that section 1B1.10, the policy statement, does not control here for two reasons. First, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has made the guidelines advisory, including section 1B1.10. Second, the policy statement "stray[s]" from the statutory language in requiring that the amendment have the effect of lowering the applicable guideline range. Instead, as noted, the statutory section merely requires that the defendant's sentence "be based" on a sentencing range that has subsequently been lowered by the Sentencing Commission, with "based on" including the calculation of the base offense level under section 2D1.1(c).

6

Finally, Defendant argues that the sentencing Commission's view is not persuasive because after *Booker*, *supra; Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); and *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), this court has the discretion to consider the disparity between a defendant's guideline range with and without any increase in the range effected by the career-offender guideline and adjust the sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a).[1] Defendant adds that if there is any ambiguity in section 3582(c)(2), the rule of lenity, *see United States v. Walker*, 473 F.3d 71, 84-85 (3d Cir. 2007), requires interpreting it in his favor.

We reject Defendant's arguments. His contention that he qualifies under the amendment essentially because his original sentence was based on the drug quantity in section 2D1.1(c) overlooks the statutory language referring to "a sentencing range" that was subsequently lowered. The statute does not speak about an offense level.[2] Other courts have rejected the same argument. *See United States v. Roman*, No. 95-

---

[1] In this regard, Defendant calculates his amended non-career-offender guideline range as being 84 to 105 months and requests an appropriate sentence reduction in light of the factors in section 3553(a).

[2] We acknowledge, however, that Defendant has framed the argument as one dealing with a sentencing range.

7

335, 2008 WL 2669769, at *2 (E.D. Pa. July 7, 2008)(rejecting contention that Defendant's sentence was "'based on" § 2D1.1 because it was the 'starting point' of his sentencing calculation"); *United States v. Rivera*, 535 F. Supp. 2d 527, 530 n.2 (E.D. Pa. 2008).

Defendant's argument that the policy statement does not control here because *Booker, supra,* has made the guidelines advisory must be rejected in light of *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002), where the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. In that case, the defendant wanted to use *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in his section 3582(c)(2) resentencing, but the Third Circuit rejected it. The court stated that "constraining a court's consideration to the retroactive amendment at issue is consistent with the focused nature of a proceeding under § 3582." *Id.* at 615. The Third Circuit has also rejected an attempt to use section 3582(c)(2) to make a claim directly under *Booker* without tying it to a retroactive amendment. *See United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam) (nonprecedential).

We reject Defendant's argument that the Commission strayed from section 3582(c)(2) by requiring that the amendment

have the effect of lowering the applicable guideline range. Section 3582(c)(2) also provides that any sentence reduction "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The congressional directive is to follow the policy statements of the Commission, so the Commission was acting within the scope of the statute. *See United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008) (rejecting idea that because guidelines are only advisory after *Booker*, a defendant need not follow a sentencing-guideline amendment making Amendment 706 retroactive on a future date, noting in part that "the statute directs the court to the policy statement"). *See also United States v. Cruz*, ___ F. Supp. 2d ___, ___, No. 02-CR-0725, 2008 WL 539216, at *4 (E.D.N.Y. Feb. 27, 2008)(*Booker* does not apply in section 3582(c)(2) proceedings because the statutory section requires the court to make any sentence reduction consistent with the Sentencing Commission's policy statement, quoting the above language from *Wise* characterizing the pertinent language as a congressional directive).

Finally, we see no ambiguity in section 3582(c)(2) that would require us to employ the rule of lenity, and we must reject Defendant's reliance on *Kimbrough*, *supra*, and *Hicks*, *supra*, for the same reason we rejected his reliance on *Booker*, *supra*.

       We will issue an appropriate order.

                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge

Date: July 23, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | : | |
| vs. | : | CRIMINAL NO. 1:CR-99-056-03 |
| JOSE RAMONE MATEO<br>Defendant | : | |

*O R D E R*

AND NOW, this 23rd day of July, 2008, it is ORDERED that Defendant's motion (doc. 181) under 18 U.S.C. § 3582(c)(2), is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge